**E-Filed 04/11/11**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO. and LEVI STRAUSS & CO. EUROPE COMM. VA/SCA, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICANJEANS.COM, INC. and STEVEN LEIGH, <br><br> Defendants. | Case Number 5:10-CV-05340 JF (PSG) <br><br> **ORDER[1] GRANTING MOTION TO DISMISS CLAIM SEVEN** <br><br> [Re: Docket No. 13] |

Plaintiffs Levi Strauss & Co. ("Levi") and Levi Strauss & Co. Europe Comm., VA/SCA ("Levi Europe") bring the instant action against Defendants AmericanJeans.com ("AJ") and Steven Leigh for alleged violations of the Lanham Act, 15 U.S.C. §§ 1051-1141n, and various trademark laws of California and the European Union. Defendants move to dismiss Plaintiffs' seventh claim for relief for lack of subject matter jurisdiction. For the reasons set forth below, the motion will be granted.

---

[1] This disposition is not designated for publication in the official reports.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I. BACKGROUND**

Levi is a Delaware corporation that manufactures, markets, and sells a variety of clothing products.  Compl.  ¶ 4.  Its principal place of business is in San Francisco, California.  *Id.*  Levi Europe is Levi's corporate affiliate and exclusive trademark licensee in Europe.  *Id.* ¶ 5.  It is a Belgian corporation whose principal place of business is in Brussels, Belgium.  *Id.*  AJ is a California corporation whose principal place of business is in Studio City, California.  *Id.* ¶ 6.  Levi alleges that Leigh is a California resident who serves as AJ's manager, director, or agent.  *Id.* ¶  7.

Levi uses its trademarks, which are registered in the United States and the European Union, to mark its products and to indicate its ownership of or affiliation with certain websites.  *Id.* ¶¶ 10-11.  Plaintiffs bring seven claims against Defendants.  Claims One, Two, and Three arise under the Lanham Act and are based on allegations that Defendants falsely described their infringing products and used imitations of Levi's trademarks on AJ's website.  *Id.* ¶¶ 36-47.  Claims Four and Five arise under California trademark and unfair competition law, and they are based on allegations that Defendants infringed and diluted Levi's trademarks on AJ's website.  *Id.* ¶¶ 48-56.  Claim Six is a request for an accounting.  *Id.* ¶¶ 57-60.  Claim Seven arises under European trademark law and is based on allegations that Defendants resold Levi's trademarked goods within the European Union through unauthorized channels of distribution.  *Id.* ¶¶ 61-71.

Defendants move to dismiss Claim Seven pursuant to Fed. R. Civ. P. 12(b)(1).  They contend that the Court lacks supplemental jurisdiction over that claim, because the allegations on which it is based do not share a common nucleus of operative fact with the claims over which this Court has original jurisdiction, namely Claims One, Two, and Three.  Defs.' Mot. at 8.  Defendants argue that Claim Seven rests on Levi's right under European trademark law to prevent the sale of its trademarked merchandise in Europe, while Claims One, Two, and Three, which will be resolved under the doctrine of normative fair use, concern the use of Levi's trademarks on AJ's website.  *Id.* at 4.  Alternatively, Defendants argue that even if the Court does have supplemental jurisdiction over Claim Seven, the territorial nature of trademark law is a compelling reason to decline to exercise that jurisdiction under 28 U.S.C. § 1367(c)(4).  *Id.* at 10.

2

Plaintiffs argue that all seven claims are derived from a common nucleus of operative fact. Pls.' Opp. at 3-4.  Plaintiffs admit that the resolution of Claim Seven requires the application of European trademark law, but they argue such application would be no more difficult than applying the trademark law of another state.  *Id.* at 10.  Plaintiffs also contend that the adjudication of Claim Seven by this Court would not offend comity, and that litigating Claim Seven in Europe would be burdensome for them.  *Id.* at 8, 9.

## II. STANDARD OF REVIEW

District courts may exercise supplemental jurisdiction over all claims that are so related to federal claims in the action that they are part of the same case or controversy under Article III of the Constitution.  *See* 28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (citations omitted).  District courts have discretion to decline to exercise supplemental jurisdiction over a claim if, in exceptional circumstances, "there are compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  In deciding whether to decline jurisdiction, district courts may consider the values of judicial economy, convenience, fairness, and comity.  *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (citations omitted).  The burden of establishing supplemental jurisdiction lies with the party asserting it.  *See Ass'n of American Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

The Ninth Circuit has not addressed the question of whether it is appropriate for district courts to exercise supplemental jurisdiction over infringement claims arising under the trademark laws of another country.  However, the Federal Circuit resolved an analogous question in *Voda v. Cordis Corp.*, 476 F.3d 887, 898 (Fed. Cir. 2007).  In *Voda*, the Federal Circuit reversed a

3

district court's exercise of supplemental jurisdiction over infringement claims arising out of foreign patent law, holding that international treaty obligations, comity, judicial economy, and other exceptional circumstances constitute compelling reasons for declining to exercise that jurisdiction. *Id.* Because the compelling factors identified by the Federal Circuit in *Voda* also are present in the context of foreign trademark law, at least on the facts presented here, the Court declines to exercise supplemental jurisdiction over Claim Seven.

**A.    Obligations of the United States Under International Treaties**

In *Voda*, the Federal Circuit held that the exercise of supplemental jurisdiction over foreign patent infringement claims could undermine the obligations of the United States under international treaties such as the Paris Convention for the Protection of Industrial Property ("Paris Convention") and the Agreement on Trade-Related Aspects of Intellectual Property Rights ("TRIPS"), which uphold the independence of each country's system for adjudicating patent rights. *See id.* at 899. The Federal Circuit emphasized that the exercise of supplemental jurisdiction over such claims would require "defin[ing] the legal boundaries of a property right granted by another sovereign and then determin[ing] whether there has been a trespass to that right," which would contravene of the language of the Paris Convention and TRIPS. *Id.*

Here, as in *Voda*, the exercise of supplemental jurisdiction over Claim Seven would require defining the scope of the trademark right granted to Levi by the European Union and determining whether AJ has trespassed that right by reselling Levi's trademarked goods in Europe. This would contravene the obligations of the United States under the Paris Convention and TRIPS, which provide for the independence of each country's system for adjudicating trademark rights. *See* Paris Convention art. 2, Apr. 26, 1970, 21 U.S.T. 1683; Agreement on Trade-Related Aspects of Intellectual Property Rights art. 41, Apr. 15, 1994, 1867 U.N.T.S. 154, 33 I.L.M. 1144.

**B.    Comity**

In *Voda*, the Federal Circuit held that the exercise of supplemental jurisdiction over foreign patent infringement claims could prejudice the rights of foreign governments and undermine the "spirit of cooperation" that forms the basis of the comity doctrine. 476 F.3d at

4

901-02.  The Federal Circuit noted that because patent rights are territorial, "it would be incongruent to allow the sovereign power of one [government] to be infringed or limited by another sovereign's extension of its jurisdiction."  *Id.*  Consequently, the "adjudication of . . . foreign patent infringement claims should be left to the sovereigns that created the property rights in the first instance."  *Id.* at 902.

Like patents, trademarks are territorial, as they "exist in each country solely according to that country's statutory scheme."  *Person's Co. v. Christman*, 900 F.2d 1565, 1569 (Fed. Cir. 1990).  Accordingly, considerations of comity suggest strongly that Levi's European trademark rights be adjudicated by European courts.  Plaintiffs have not shown that this Court's exercise of supplemental jurisdiction over Claim Seven would not prejudice the rights of European governments.

**C.      Judicial Economy**

In *Voda*, the Federal Circuit noted that the adjudication of foreign patent infringement claims by a district court may prolong the proceedings and augment the costs for the parties as a result of the court's lack of institutional competence in the relevant foreign law.  476 F.3d at 903. Here, the adjudication of Claim Seven by the Court would not promote judicial economy, as federal courts in the United States have little experience in applying the trademark laws of the European Union.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss Claim Seven is GRANTED.  Defendants shall file their answer to the remainder of Plaintiffs' complaint within twenty (20) days of the date this order is filed.

DATED:  04/11/11

_____
JEREMY FOGEL
United States District Judge

5