1 | KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
2 | TIMOTHY R. CAHN (State Bar No. 162136)
GIA L. CINCONE (State Bar No. 141668)
3 | Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
4 | Telephone: (415) 576-0200
Facsimile: (415) 576-0300
5 | Email: ggilchrist@kilpatricktownsend.com
         tcahn@kilpatricktownsend.com
6 |      gcincone@kilpatricktownsend.com

7 | Attorneys for Plaintiff
LEVI STRAUSS & CO. and
8 | LEVI STRAUSS & CO. EUROPE COMM. VA/SCA

9 | BARTON S. SELDEN
GARTENBERG GELFAND WASSON & SELDEN LLP
10 | 220 Montgomery Street, 15th Floor
San Francisco, CA 94104
11 | Telephone: (415) 788-6230
Facsimile. (415) 788-7009
12 | Email: bselden@ggwslaw.com

13 | Attorney for Defendants
AMERICANJEANS.COM, INC., and
14 | STEVEN LEIGH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LEVI STRAUSS & CO. and LEVI STRAUSS & CO. EUROPE COMM. VA/SCA, | Case No. CV10- 5340-JF (PSG) |
|---|---|
| Plaintiffs, | **FURTHER JOINT CASE MANUAL STATEMENT, REQUEST FOR CONTINUANCE AND [PROPOSED] ORDER** |
| v. | |
| AMERICANJEANS.COM, INC., AND STEVEN LEIGH, AND DOES 1 THROUGH 10, | Date:       July 22, 2011<br>Time:       10:30 a.m.<br>Courtroom: 3, 5th Floor<br>                  Hon. James Fogel |
| Defendants. | |

1      Plaintiffs Levi Strauss & Co. and Levi Strauss & Co. Europe Comm. VA/SCA ("LSE")
2 (jointly "Levi Strauss"), and Defendants Americanjeans.com, Inc. and Steven Leigh
3 (collectively, "Defendants") jointly submit this Further Case Management Statement, Request
4 for Continuance and Proposed Order.

5      With the assistance of the mediator, the parties are in the process of finalizing a
6 settlement in both this case and in *Levi Strauss & Co and Levi Strauss & Co. Europe Comm.*
7 *VA/SCA. v. Joon Hahn and IDW International, Inc.*, Case No. CV10-5342-JW, which is
8 pending before Judge Ware. A status conference date is currently set in the latter case for
9 September 19, 2011. Thus, the parties request a continuance of the Further Case Management
10 Conference in the instant case, until September 16, 2011, or another date that is convenient for
11 the Court, to allow the parties to conclude settlement and to dismiss the case (which the parties
12 expect will occur well in advance of that time).

13      As to all other matters, the parties believe that the previously filed Joint Case
14 Management Conference Statement dated May 31, 2011 [Docket No. 30], remains accurate,
15 except paragraphs 4, 5, 7, 10 and 12, which are supplemented or changed here. The new
16 material in those paragraphs is shown in italics for the Court's ease of reference.

17      **1.     Jurisdiction and Venue.**
18      Levi Strauss's first, second and third claims arise under the Lanham Act. This Court
19 has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and
20 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over Levi Strauss's state law
21 claims pursuant to 28 U.S.C. §1367. Levi Strauss's seventh claim for relief based on European
22 trademark law was dismissed by order of this Court on April 11, 2011.

23      **2.     Facts**.
24      Levi Strauss & Co. is a Delaware corporation which has its principal place of business
25 in San Francisco, California. LSE is a Belgian corporation with its principal place of business
26 in Brussels, Belgium. Levi Strauss & Co. is the sole owner of several trademarks which it uses
27 on its jeans and casual apparel products and in connection with various retail services and
28 internet services in the clothing business. These trademarks include "LEVI'S," the TAB

1  trademark, the ARCUATE trademark, "501," "517," "550," and the HOUSEMARK
2  trademark.  Levi Strauss & Co. owns trademark registrations for these trademarks throughout
3  the world, including the United States and Europe.  LSE is the exclusive licensee of these
4  trademarks in Europe.
5   Levi Strauss alleges that Defendants have infringed Levi Strauss's trademarks and have
6  unfairly competed with Levi Strauss in the United States and Europe.  Among these claims,
7  Levi Strauss asserts that Defendants have engaged in practices that deceive and confuse
8  consumers around the world, including in the United States and Europe, by overuse and misuse
9  of Levi Strauss's trademarks and other proprietary material on the www.americanjeans.com
10 website and in conjunction with selling their products, delivery of substandard and out of
11 season product, and sale of branded LEVI's® products into the European Union without Levi
12 Strauss's consent.
13  Defendants filed a Motion to Dismiss Levi Strauss's Seventh Affirmative defense
14 relating to Levi Strauss's claims under European law, and the Court granted that motion on
15 April 11, 2011.  Defendants further deny any improper use of Levi Strauss trademarks on the
16 Americanjeans.com website, and any implication that the products sold on the website are not
17 genuine Levi Strauss products.
18  Defendants assert that Steven Leigh is an officer, director and shareholder of
19 Americanjeans.com, Inc., and that he is an individual residing in California.
20   <u>Principal Factual Issues in Dispute:</u>
21   a. Whether Defendants' use of Levi Strauss's trademarks is likely to create
22 confusion about whether its retail services are authorized or sponsored by Levi Strauss.
23   b. Whether Defendants sell products that have been defaced or altered and
24 whether Defendants take measures to conceal the nature of their products from their customers.
25   c. Whether and to what extent Levi Strauss has been damaged by
26 Defendants' actions.
27   d. Whether Defendants have used Levi Strauss's trademarks in such ways
28 so as to generate search term priority and diverting consumer attention to their unauthorized

online store.

        e.      Whether Defendants' infringement, if any, of Levi Strauss's trademarks is willful.

        f.      Whether Defendant's use of Levi Strauss's marks is likely to diminish the distinctiveness of the marks.

**3.    Legal Issues in Dispute**

<u>Legal Issues in dispute:</u>

        a.      Whether or to what extent Levi Strauss is entitled to injunctive relief.

        b.      Whether or what extent Levi Strauss is entitled to monetary relief.

**4.    Motions.**

*As the parties are in the process of settling the case, no additional motions are anticipated at this time.  If, however, settlement negotiations should unexpectedly fail,* Levi Strauss may file a motion to amend the Complaint and a summary judgment motion at the appropriate time.  Levi Strauss also may file a Petition for Judicial Assistance under 28 U.S.C. § 1782(a) for on order permitting Levi Strauss to obtain discovery for use abroad relating to Defendants' alleged infringement in Europe.  *Alternatively, in the event that the anticipated settlement is not finalized, Levi Strauss may seek leave to file an amended pleading that would renew its Seventh Claim in light of an intervening European Court of Justice decision that – in Plaintiff's view -- has bearing on the Court's earlier ruling regarding Defendants' motion to dismiss.*

Defendants may file a summary judgment motion regarding the Lanham Act claims.

**5.    Amendments of Pleadings.**

The Parties agree that the pleadings may be amended *as the Court may permit pursuant to joint request of the parties or by motion*.

**6.    Evidence Preservation**

Counsel for both parties have informed their respective clients of the duty to preserve evidence, including electronic evidence, relevant to the claims and defenses in this case.

///

1   **7.     Disclosures.**

2   *The parties exchanged initial disclosures on June 6, 2011.*

3   **8.     Discovery Plan.**

4   The parties expect to agree upon a stipulation regarding the entry of a protective order
5   governing documents and information to be disclosed in the course of this litigation.  The
6   parties anticipate exchanging document requests and other written discovery and cooperating
7   in arranging depositions of pertinent party and non-party witnesses.  The parties do not propose
8   any other changes with regard to the timing, form, or requirement for disclosures under FRCP
9   Rule 26(a).  The parties have not agreed to any limitations on the subject matter of discovery,
10  and are to complete discovery within the time limits to be set by the Court.  The parties further
11  anticipate completing fact discovery followed by completion of expert discovery.  Should the
12  need arise at a later date to amend these deadlines, they may be modified by stipulation and
13  order or motion supported by good cause.

14  **9.     Class Actions**

15  N/A.

16  **10.    Related Cases.**

17  On May 13, 2011, Defendants filed an Administrative Motion to Consider Whether
18  Cases Should be Related, pursuant to Local Rule 3012 (Dkt. No. 27), asking the Court to
19  consider whether the instant case should be related to *Levi Strauss & Co and Levi Strauss &*
20  *Co. Europe Comm. VA/SCA. v. Joon Hahn and IDW International, Inc.*, Case No. CV10-5342-
21  JW*, which is pending before Judge Ware. The motion was denied by court order on June 16,*
22  *2011 (Dkt No. 36). Defendants reserve the right to renew the motion if the anticipated*
23  *settlement is not finalized.*

24  **11.    Relief Sought.**

25  Levi Strauss will seek damages in the amount of Defendants' profits from the sale of
26  infringing goods.  Given that discovery with respect to damages has not yet begun, Levi
27  Strauss is unable to compute damages at this time.  Levi Strauss may seek recovery of
28  extraordinary damages and recovery of its attorneys' fees depending on whether Defendants'

conduct is shown to have been willful. Levi Strauss also seeks injunctive relief.

**12.   Reference to Arbitration.**

*The Court referred this case to Early Neutral Evaluation on June 6, 2011 (Dkt No. 34). At the request of both parties, Richard C. Collier was appointed as the Evaluator on June 22, 2011 (Dkt. No. 37). In reality, all parties had already appeared at an Early Neutral Evaluation conducted by Mr. Collier in the case pending before Judge Ware, and both cases are a part of the tentative settlement referred to above. The evaluator has already reported this to the ADR coordinator.*

**13.   Consent to Magistrate Judge for All Purposes.**

The parties have declined to proceed before a magistrate judge for all purposes.

**14.   Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues.**

The Court has granted Defendants' Motion to Dismiss Levi Strauss's Seventh Affirmative Defense, thereby narrowing the issues.

**16.   Expedited Schedule.**

The parties do not believe this case is suitable for an expedited schedule.

**17.   Proposed Schedule.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | January 20, 2012 |
| Expert Disclosures: | February 3, 2011 |
| Rebuttal Expert Disclosures: | February 17, 2012 |
| Expert Discovery Cut-off: | March 2, 2012 |
| Deadline for Dispositive Motions: | March 30, 2012 |
| Final Pretrial Conference Date: | May 18, 2012 |
| Trial Date: | June ___, 2012 |

///

///

///

**18.   Trial**

The parties expect that the trial will last five court days.  The Complaint and Answer both request a trial by jury.  The parties do not believe bifurcation is a viable alternative in this case.

**19.   Disclosure of Non-party interested entity.**

Levi Strauss has filed its Disclosure at the time it filed the Complaint.  In compliance with this Court's Standing Order, Levi Strauss again states that there are no interested non-party entities to report.  Defendants filed their Disclosure on February 14, 2011, also confirming that there are no non-party interested entities or persons.

**20.   Other Items.**

None.

DATED:  July 14, 2011            Respectfully submitted,

                                 KILPATRICK, TOWNSEND & STOCKTON LLP


                                 By:  */s/ Gregory S. Gilchrist*
                                      Gregory S. Gilchrist

                                      Attorneys for Plaintiff
                                      LEVI STRAUSS & CO and LEVI STRAUSS &
                                      CO. EUROPE COMM. VA/SAC

DATED:  July 14, 2011            GARTENBERG GELFAND WASSON & SELDEN LLP


                                 By:  */s/ Barton Selden*
                                      Barton Selden

                                      Attorneys for Defendants
                                      AMERICANJEANS.COM, INC. AND STEVEN
                                      LEIGH

- 6 -

1  [PROPOSED] CASE MANAGEMENT ORDER

2

3   The Further Joint Case Management Statement and Proposed Order is hereby adopted
4 by the Court as the Case Management Order for the case, and the parties are ordered to comply
5 with this Order.
6   In addition, the Court, having considered the request of the parties, VACATES the
7 Case Management Conference set for July ~~15,~~ 22 2011 and sets the new date for  8/26/11 .

DATED: 7/19/11

_____
The Honorable Jeremy Fogel
United States District Judge

**GENERAL ORDER 45 ATTESTATION**

I, Gregory S. Gilchrist, am the ECF user whose ID and password are being used to file this Further Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that counsel for Defendant has concurred in this filing.

DATED: July 14, 2011         By    /s/ Gregory S. Gilchrist
                                   Gregory S. Gilchrist

63609164 v1