1  KILPATRICK TOWNSEND & STOCKTON LLP
   GREGORY S. GILCHRIST (State Bar No. 111536)
2  TIMOTHY R. CAHN (State Bar No. 162136)
   GIA L. CINCONE (State Bar No. 141668)
3  Two Embarcadero Center Eighth Floor
   San Francisco, CA  94111
4  Telephone:  (415) 576-0200
   Facsimile:  (415) 576-0300
5  Email: ggilchrist@kilpatricktownsend.com
           tcahn@kilpatricktownsend.com
6          gcincone@kilpatricktownsend.com

7  Attorneys for Plaintiff
   LEVI STRAUSS & CO. and
8  LEVI STRAUSS & CO. EUROPE COMM. VA/SCA

9  BARTON S. SELDEN
   GARTENBERG GELFAND WASSON & SELDEN LLP
10 220 Montgomery Street, 15th Floor
   San Francisco, CA 94104
11 Telephone: (415) 788-6230
   Facsimile. (415) 788-7009
12 Email:  bselden@ggwslaw.com

13 Attorney for Defendants
   AMERICANJEANS.COM, INC., and
14 STEVEN LEIGH

15                  UNITED STATES DISTRICT COURT

16            FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO. and LEVI STRAUSS & CO. EUROPE COMM. VA/SCA,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICANJEANS.COM, INC., AND STEVEN LEIGH, AND DOES 1 THROUGH 10,<br><br>Defendants. | Case No. CV10- 5340-JF (PSG)<br><br>**SECOND FURTHER JOINT CASE MANGEMENT STATEMENT, REQUEST FOR CONTINUANCE AND [PROPOSED] ORDER**<br><br>Date:       August 26, 2011<br>Time:       10:30 a.m.<br>Courtroom:  3, 5th Floor<br>            Hon. ~~James~~ Fogel<br>                 Jeremy |

1      Plaintiffs Levi Strauss & Co. and Levi Strauss & Co. Europe Comm. VA/SCA ("LSE")
2 (jointly "Levi Strauss"), and Defendants Americanjeans.com, Inc. and Steven Leigh
3 (collectively, "Defendants") jointly submit this Further Case Management Statement, Request
4 for Continuance and Proposed Order.
5      With the assistance of the mediator, the parties are in the process of finalizing a
6 settlement in both this case and in *Levi Strauss & Co and Levi Strauss & Co. Europe Comm.*
7 *VA/SCA. v. Joon Hahn and IDW International, Inc.*, Case No. CV10-5342-JW, which is
8 pending before Judge Ware.  The parties and Mediator have agreed to reconvene the mediation
9 on August 25, 2011, to complete the settlement negotiations.  Thus, the parties request a
10 continuance of the Further Case Management Conference in the instant case, until September
11 23, 2011, or another date that is convenient for the Court, to allow the parties to conclude
12 settlement and to dismiss the case (which the parties expect will occur well in advance of that
13 time).
14      As to all other matters, the parties believe that the previously filed Further Joint Case
15 Management Conference Statement dated July 14, 2011 [Docket No. 38], remains accurate,
16 except paragraph 12, which is supplemented or changed here.  Material added to the earlier
17 filed Further Joint Case Management Statement [Doc. No. 38], appears in italics; the new
18 material in paragraph 12 of this Statement is underlined for the Court's ease of reference.
19      **1.    Jurisdiction and Venue.**
20      Levi Strauss's first, second and third claims arise under the Lanham Act.  This Court
21 has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and
22 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over Levi Strauss's state law
23 claims pursuant to 28 U.S.C. §1367.  Levi Strauss's seventh claim for relief based on European
24 trademark law was dismissed by order of this Court on April 11, 2011.
25      **2.    Facts**.
26      Levi Strauss & Co. is a Delaware corporation which has its principal place of business
27 in San Francisco, California.  LSE is a Belgian corporation with its principal place of business
28 in Brussels, Belgium.  Levi Strauss & Co. is the sole owner of several trademarks which it uses

on its jeans and casual apparel products and in connection with various retail services and internet services in the clothing business. These trademarks include "LEVI'S," the TAB trademark, the ARCUATE trademark, "501," "517," "550," and the HOUSEMARK trademark. Levi Strauss & Co. owns trademark registrations for these trademarks throughout the world, including the United States and Europe. LSE is the exclusive licensee of these trademarks in Europe.

Levi Strauss alleges that Defendants have infringed Levi Strauss's trademarks and have unfairly competed with Levi Strauss in the United States and Europe. Among these claims, Levi Strauss asserts that Defendants have engaged in practices that deceive and confuse consumers around the world, including in the United States and Europe, by overuse and misuse of Levi Strauss's trademarks and other proprietary material on the www.americanjeans.com website and in conjunction with selling their products, delivery of substandard and out of season product, and sale of branded LEVI's® products into the European Union without Levi Strauss's consent.

Defendants filed a Motion to Dismiss Levi Strauss's Seventh Affirmative defense relating to Levi Strauss's claims under European law, and the Court granted that motion on April 11, 2011. Defendants further deny any improper use of Levi Strauss trademarks on the Americanjeans.com website, and any implication that the products sold on the website are not genuine Levi Strauss products.

Defendants assert that Steven Leigh is an officer, director and shareholder of Americanjeans.com, Inc., and that he is an individual residing in California.

Principal Factual Issues in Dispute:

a. Whether Defendants' use of Levi Strauss's trademarks is likely to create confusion about whether its retail services are authorized or sponsored by Levi Strauss.

b. Whether Defendants sell products that have been defaced or altered and whether Defendants take measures to conceal the nature of their products from their customers.

c. Whether and to what extent Levi Strauss has been damaged by Defendants' actions.

        d.      Whether Defendants have used Levi Strauss's trademarks in such ways so as to generate search term priority and diverting consumer attention to their unauthorized online store.

        e.      Whether Defendants' infringement, if any, of Levi Strauss's trademarks is willful.

        f.      Whether Defendant's use of Levi Strauss's marks is likely to diminish the distinctiveness of the marks.

**3.    Legal Issues in Dispute**

<u>Legal Issues in dispute:</u>

        a.      Whether or to what extent Levi Strauss is entitled to injunctive relief.

        b.      Whether or what extent Levi Strauss is entitled to monetary relief.

**4.    Motions.**

*As the parties are in the process of settling the case, no additional motions are anticipated at this time.  If, however, settlement negotiations should unexpectedly fail,* Levi Strauss may file a motion to amend the Complaint and a summary judgment motion at the appropriate time.  Levi Strauss also may file a Petition for Judicial Assistance under 28 U.S.C. § 1782(a) for on order permitting Levi Strauss to obtain discovery for use abroad relating to Defendants' alleged infringement in Europe.  *Alternatively, in the event that the anticipated settlement is not finalized, Levi Strauss may seek leave to file an amended pleading that would renew its Seventh Claim in light of an intervening European Court of Justice decision that – in Plaintiff's view -- has bearing on the Court's earlier ruling regarding Defendants' motion to dismiss.*

Defendants may file a summary judgment motion regarding the Lanham Act claims.

**5.    Amendments of Pleadings.**

The Parties agree that the pleadings may be amended *as the Court may permit pursuant to joint request of the parties or by motion*.

**6.    Evidence Preservation**

Counsel for both parties have informed their respective clients of the duty to preserve

evidence, including electronic evidence, relevant to the claims and defenses in this case.

///

**7. Disclosures.**

*The parties exchanged initial disclosures on June 6, 2011.*

**8. Discovery Plan.**

The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation. The parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under FRCP Rule 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the Court. The parties further anticipate completing fact discovery followed by completion of expert discovery. Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9. Class Actions**

N/A.

**10. Related Cases.**

On May 13, 2011, Defendants filed an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Local Rule 3012 (Dkt. No. 27), asking the Court to consider whether the instant case should be related to *Levi Strauss & Co and Levi Strauss & Co. Europe Comm. VA/SCA. v. Joon Hahn and IDW International, Inc.*, Case No. CV10-5342-JW*, which is pending before Judge Ware. The motion was denied by court order on June 16, 2011 (Dkt No. 36). Defendants reserve the right to renew the motion if the anticipated settlement is not finalized.*

**11. Relief Sought.**

Levi Strauss will seek damages in the amount of Defendants' profits from the sale of infringing goods. Given that discovery with respect to damages has not yet begun, Levi

Strauss is unable to compute damages at this time. Levi Strauss may seek recovery of extraordinary damages and recovery of its attorneys' fees depending on whether Defendants' conduct is shown to have been willful. Levi Strauss also seeks injunctive relief.

**12.   Reference to Arbitration.**

*The Court referred this case to Early Neutral Evaluation on June 6, 2011 (Dkt No. 34). At the request of both parties, Richard C. Collier was appointed as the Evaluator on June 22, 2011 (Dkt. No. 37). In reality, all parties had already appeared at an Early Neutral Evaluation conducted by Mr. Collier in the case pending before Judge Ware, and both cases are a part of the tentative settlement referred to above. The evaluator has already reported this to the ADR coordinator.* <u>The parties further agreed to reconvene the settlement discussions on August 25, 2011,  with Mr. Collier serving as Mediator.</u>

**13.   Consent to Magistrate Judge for All Purposes.**

The parties have declined to proceed before a magistrate judge for all purposes.

**14.   Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues.**

The Court has granted Defendants' Motion to Dismiss Levi Strauss's Seventh Affirmative Defense, thereby narrowing the issues.

**16.   Expedited Schedule.**

The parties do not believe this case is suitable for an expedited schedule.

**17.   Proposed Schedule.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | January 20, 2012 |
| Expert Disclosures: | February 3, 2011 |
| Rebuttal Expert Disclosures: | February 17, 2012 |
| Expert Discovery Cut-off: | March 2, 2012 |
| Deadline for Dispositive Motions: | March 30, 2012 |
| Final Pretrial Conference Date: | May 18, 2012 |
| Trial Date: | June ___, 2012 |

///

///

///

**18.    Trial**

The parties expect that the trial will last five court days. The Complaint and Answer both request a trial by jury. The parties do not believe bifurcation is a viable alternative in this case.

**19.    Disclosure of Non-party interested entity.**

Levi Strauss has filed its Disclosure at the time it filed the Complaint. In compliance with this Court's Standing Order, Levi Strauss again states that there are no interested non-party entities to report. Defendants filed their Disclosure on February 14, 2011, also confirming that there are no non-party interested entities or persons.

**20.    Other Items.**

None.

DATED:  July 14, 2011            Respectfully submitted,

                                 KILPATRICK, TOWNSEND & STOCKTON LLP


                                 By:  */s/ Gregory S. Gilchrist*
                                      Gregory S. Gilchrist

                                 Attorneys for Plaintiff
                                 LEVI STRAUSS & CO and LEVI STRAUSS & CO. EUROPE COMM. VA/SAC

DATED:  July 14, 2011            GARTENBERG GELFAND WASSON & SELDEN LLP


                                 By:  */s/ Barton Selden*
                                      Barton Selden

                                 Attorneys for Defendants
                                 AMERICANJEANS.COM, INC. AND STEVEN LEIGH

1                                <u>~~[PROPOSED]~~ **CASE MANAGEMENT ORDER**</u>

3       The Further Joint Case Management Statement and Proposed Order is hereby adopted

4 by the Court as the Case Management Order for the case, and the parties are ordered to comply

5 with this Order.

6       In addition, the Court, having considered the request of the parties, VACATES the

7 Case Management Conference set for August 26, 2011 and sets the new date for __Oct. 28,__ 2011.

14 DATED: 8/22/11                      _____

                                        The Honorable Jeremy Fogel
                                          United States District Judge

**GENERAL ORDER 45 ATTESTATION**

I, Gregory S. Gilchrist, am the ECF user whose ID and password are being used to file this Further Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that counsel for Defendant has concurred in this filing.

DATED: July 14, 2011  By  */s/ Gregory S. Gilchrist*
Gregory S. Gilchrist

63677825 v1